UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE HENLEY | ) |
| | ) |
| v. | ) No. 3:08-1148 |
| | ) JUDGE ECHOLS |
| GEORGE LITTLE, et al. | ) |
| | ) |

## MEMORANDUM

Plaintiff Steve Henley ("Plaintiff"), an inmate on death row, filed this lawsuit under 42 U.S.C. § 1983 on November 26, 2008, challenging the constitutionality of Tennessee's three-drug lethal injection protocol. Plaintiff asserts that the use of three drugs–sodium thiopental, pancuronium bromide, and potassium chloride–to perform an execution violates the Eighth and Fourteenth Amendments of the federal Constitution. He alleges that, if sodium thiopental is not administered properly, he could experience intense pain after being injected with potassium chloride, but he would be unable to express his pain because of the paralyzing effect of the second drug, pancuronium bromide.

Defendants George Little, Commissioner of the Tennessee Department of Correction, and Ricky Bell, Warden of Riverbend Maximum Security Institution in Nashville ("the State"), filed a Motion to Dismiss on December 23, 2008 (Docket Entry No. 8), to which Plaintiff filed a response in opposition (Docket Entry No. 10). The State argued in the Motion to Dismiss that Plaintiff's complaint is barred by the statute of limitations; Plaintiff was dilatory in filing his complaint seeking equitable relief; Tennessee's three-drug lethal injection protocol is constitutional under the Supreme Court's recent decision in Baze v. Rees, — U.S. —, 128 S.Ct. 1520 (2008); and Plaintiff's case is controlled by Baze, not the prior decision of District Judge Aleta Trauger in Harbison v. Little, 511 F.Supp.2d 872 (M.D. Tenn. 2007). In Harbison, Judge Trauger held in 2007 that Tennessee's lethal injection protocol is unconstitutional under the Eighth and Fourteenth Amendments, and her decision is currently pending

1

on appeal before the Sixth Circuit Court of Appeals. However, in 2008, after the Harbison decision, the Supreme Court in Baze found that Kentucky's three-drug lethal injection protocol, which is the same as that used in Tennessee, is constitutional and does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments. The State also pointed out that, before Baze, the Tennessee Supreme Court upheld the lethal injection protocol in Abdur'Rahman v. Bredesen, 181 S.W.3d 292 (Tenn. 2005), and the Sixth Circuit twice reversed stays of execution where it held Tennessee death row inmates were dilatory in bringing § 1983 claims challenging the lethal injection protocol. Workman v. Bredesen, 486 F.3d 896 (6th Cir. 2007); Alley v. Little, 181 Fed. Appx. 509 (6th Cir. 2006). Therefore, according to the State, Plaintiff cannot succeed on the merits of his claims even if his suit is not barred by the statute of limitations or by his dilatory action in bringing suit.

Plaintiff resisted the Motion to Dismiss arguing first that no statute of limitations applies to a § 1983 suit seeking to enjoin a future prospective harm and therefore, he had not violated any statute of limitations in bringing this lawsuit within one month after the Tennessee Supreme Court, on October 20, 2008, set his execution date for February 4, 2009. Plaintiff also argued that, under settled Article III principles, he did not have a ripe, justiciable lawsuit until October 2008, when the execution date was set and he was exposed to the imminent threat of harm. Next, Plaintiff contended that the State's *laches* argument fails because the State has not shown Plaintiff's lack of diligence in bringing his suit nor prejudice to the State, since the State has already tried the same issues in Harbison. Finally, Plaintiff argued that his complaint could not be dismissed under Federal Rule of Civil Procedure 12(b)(6) because he has stated non-frivolous claims, including those found to be meritorious in Harbison.

On January 7, 2009, Plaintiff filed a Motion for Summary Judgment (Docket Entry No. 11), to which Defendants filed a response in opposition (Docket Entry No. 16), and Plaintiff filed a reply

2

(Docket Entry No. 19). Plaintiff relies on the trial record of <u>Harbison</u> to contend that this Court should follow <u>Harbison</u> and hold that Tennessee's lethal injection protocol is unconstitutional.

On January 16, 2009, the Court entered an Order directing the parties to show cause why the Court should not hold this case in abeyance pending the Sixth Circuit's decision in <u>Harbison</u>. Plaintiff filed a response requesting that the Court stay the case pending the outcome in <u>Harbison</u> and enter a stay of execution. (Docket Entry No. 18.) The State filed a response reiterating the arguments made in support of the Motion to Dismiss and in opposition to Plaintiff's Motion for Summary Judgment. (Docket Entry No. 17.) The State objects to this Court reaching the merits of Plaintiff's § 1983 claims, and the State objects to this Court granting a stay of execution and holding the case in abeyance pending the Sixth Circuit's decision in <u>Harbison</u>. Before reaching the merits of Plaintiff's § 1983 claims and before determining whether a stay of execution is appropriate, the Court must consider the State's arguments that Plaintiff's complaint is time-barred and that Plaintiff was dilatory in bringing this lawsuit challenging the lethal injection protocol.

## II. STANDARD OF REVIEW

In evaluating the Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. <u>See</u> <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. —, 167 L.Ed.2d 929, 940 (2007) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. <u>Id.</u> at 940-942. A complaint must contain either direct or inferential

3

allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  Id. at 944; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.  Statute of limitations**

In Tennessee, a one-year statute of limitations applies to civil rights claims brought under § 1983.  Tenn. Code Ann. § 28-3-104(a)(3); Wilson v. Garcia, 471 U.S. 261, 275-276 (1985).  The State contends that Plaintiff's complaint is barred by this one-year statute of limitations, relying on the reasoning of Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007), *petition for rehearing en banc denied*, 489 F.3d 775 (6th Cir. 2007), *cert. denied,* Biros v. Strickland, — U.S. —, 128 S.Ct. 2047 (April 21, 2008).  The State represents that it did not raise the statute of limitations issue in Harbison, but it has raised the affirmative defense of limitations in this case.  The State emphasizes that this difference distinguishes the posture of this case from Harbison.

The Sixth Circuit held in Cooey, in a 2-1 panel decision, that the inmate's § 1983 cause of action to challenge the three-drug lethal injection protocol in Ohio accrued upon conclusion of direct review in the state court or the expiration of time for seeking such review.  Cooey, 479 F.3d at 421-422.  The court adopted the conclusion of direct review as the proper accrual date because it is at that point that the inmate knows or should know that the act providing the basis of his injury has occurred.  Id. at 416 (citing Wallace v. Kato, — U.S. —, 127 S.Ct. 1091, 1095 (2007)).  In other words, because the inmate knows, or though the exercise of reasonable diligence and inquiry should know, at the conclusion of direct review that he will be subject to execution, the inmate at that time has a complete and present cause of action.  Id.  The affirmance of the conviction and death sentence should alert the typical lay person to protect his rights by filing suit to challenge the method of execution and seek relief.  Id.

4

The Sixth Circuit further ruled, however, that the accrual date for the cause of action should be adjusted to take into account the date the State adopted lethal injection as the method of execution and the date the State adopted lethal injection as the exclusive method of execution. This adjustment is necessary because an inmate could not have discovered his injury relating to a lethal injection protocol until one of those two dates. Id. at 422. Applying this rule to Cooey, the court observed that Cooey's direct appeal process concluded in 1991, but lethal injection became available as a means of execution in Ohio in 1993, and lethal injection became the sole method of execution in Ohio in 2001. Without pinpointing the actual accrual date, the court held that, even under the later date of 2001, Cooey's claim exceeded Ohio's two-year statute of limitations because he did not file his § 1983 challenge to the lethal injection protocol until 2004. Id. The Sixth Circuit directed the district court on remand to dismiss the case as time-barred. Cooey, 479 F.3d at 422-424.

Applying this analysis to the instant case, Henley's § 1983 challenge to Tennessee's lethal injection protocol is barred by the one-year statute of limitations. On April 10, 1989, the Tennessee Supreme Court affirmed Plaintiff's convictions on two counts of first-degree murder and one count of aggravated arson, as well as his death sentence. State v. Henley, 774 S.W.2d 908 (Tenn. 1989). The United States Supreme Court denied Plaintiff's petition for writ of certiorari on June 28, 1990. Henley v. Tennessee, 497 U.S. 1031 (1990). Under Cooey, Plaintiff's cause of action for challenging a method of execution accrued in June 1990 because he knew or should have known through reasonable diligence and inquiry that he would be subject to execution. At that time he had a complete and present cause of action, and the affirmance of his convictions and death sentence should have alerted him to protect his rights by filing suit to obtain relief. Id.

As Cooey teaches, the Court must consider, however, that lethal injection became available as a method of execution in Tennessee in May 1998, and on March 30, 2000, lethal injection became

5

Tennessee's presumptive method of execution. Tenn. Code Ann. § 40-23-114; 2000 Tenn. Pub. Act, Ch 614, § 8. Thus, under Cooey, Plaintiff's constitutional challenge to execution by lethal injection accrued at the latest on March 30, 2000, when there was little question but that he would be executed using the three-drug lethal injection protocol unless he opted to be executed by electrocution. Plaintiff was required to file this action within one year–that is, no later than March 30, 2001. Plaintiff did not file this case until November 26, 2008, over seven years later. Thus, the lawsuit is barred by the statute of limitations under the authority of Cooey.

In the time period between the affirmance of Plaintiff's convictions and sentence and his filing of this § 1983 action, Plaintiff unsuccessfully pursued state post-conviction relief. Henley v. State, 960 S.W.2d 572 (Tenn. 1997), *cert. denied*, Henley v. Tennessee, 525 U.S. 830 (1998). This Court then denied Plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and the Sixth Circuit affirmed that decision on May 15, 2007. Henley v. Bell, 487 F.3d 379 (6th Cir. 2007). The Supreme Court denied Plaintiff's petition for writ of certiorari on June 23, 2008. Henley v. Tennessee, 128 S.Ct. 2962 (2008), *rehearing denied*, 129 S.Ct. 19 (2008). On October 20, 2008, the Tennessee Supreme Court set Plaintiff's execution date for February 4, 2009. Plaintiff filed his § 1983 action challenging the constitutionality of the lethal injection method of execution on November 26, 2008.

Plaintiff contends that no statute of limitations applies to a § 1983 suit seeking to enjoin a future prospective harm. Alternatively, Plaintiff asserts that even if there was a statute of limitations which applied in a case challenging the method of execution on a future execution date, the cause of action does not accrue until the threat of death is imminent, which is no earlier than the date the court sets the execution date. Therefore, Plaintiff alleges he did not violate any statute of limitations in bringing this lawsuit within one month after the Tennessee Supreme Court set his execution date on October 20, 2008. Plaintiff also argues that, under settled Article III principles, he did not have a ripe, justiciable lawsuit

6

until October 20, 2008, when the execution date was set and he was exposed to the imminent threat of harm. He appears to contend that any change in the nature or administration of Tennessee's three-drug lethal injection protocol is subject to challenge and starts a new period of imminency and a new one-year period within which to file another lawsuit.

In Cooey the Sixth Circuit was presented with the issue whether a death row inmate's § 1983 method-of-execution challenge accrues, for statute of limitations purposes, when execution is imminent or at some earlier stage during state and federal proceedings. The Sixth Circuit expressly rejected an argument identical to Plaintiff's that imminency of execution is the critical factor or that "the fluid nature" of Ohio's "execution protocol requires imminency of execution to be a key factor in the accrual calculus[.]" Id. at 423. Citing its prior decision in Alley v. Little, 186 Fed.Appx. 604, 607 (6th Cir. 2006), the court soundly rejected the legal theory that a "§ 1983 claim challenging Tennessee's lethal injection protocol was not ripe until an execution date was imminent." Id. The court reasoned that, while the protocol "is subject to change, there was no evidence, until recently, that the protocol had ever been changed." Id. In any event, the court held, none of the recent changes to the Ohio protocol related to Cooey's core complaint that the use of a three-drug combination had the potential to cause him excruciating pain during the execution and amounted to cruel and unusual punishment under the Eighth and Fourteenth Amendments. Id. at 424.

Cooey makes clear that imminency of Plaintiff's execution is not the pivotal factor in deciding whether Plaintiff's constitutional challenge to the method of execution is timely brought. Thus, the Sixth Circuit directly addressed in Cooey the issues of Article III ripeness and justiciability, contrary to Plaintiff's statement that "***Cooey never mentions, let alone addresses, the significance of Article III's standing and ripeness requirements*** [.]" (Docket Entry No. 10, Plaintiff's Response to Motion to Dismiss at 5 (emphasis in original).)

7

The Court has considered the Tennessee Department of Correction's recent study of its execution procedures at the direction of Governor Phillip N. Bredesen. The study committee issued a final report in April 2007. Harbison, 511 F.Supp.2d at 874-880. While Tennessee retained the same three-drug protocol for lethal injection executions, revisions were made to the procedures used during executions. On June 15, 2007, death row inmate Harbison challenged the constitutionality of this so-called "new" or revised protocol by filing an amended complaint in district court. (No. 3:06-1206, Harbison v. Little, Docket Entry No. 63.)

The 2007 revision to Tennessee's lethal injection protocol still does not make Plaintiff's lawsuit timely. Even giving Plaintiff the benefit of the doubt that the one-year statute of limitations for his § 1983 action began to run in May or June 2007, when Tennessee issued its latest revision of its lethal injection procedures, Plaintiff's case is still time-barred because he did not file suit until November 26, 2008, more than one year after the protocol was revised.

This Court is bound by controlling Sixth Circuit precedent despite Plaintiff's arguments to the contrary. The Cooey decision and prior Sixth Circuit decisions vacating stays of execution in § 1983 cases challenging the lethal injection protocol, see Workman v. Bredesen, 486 F.3d 896 (6th Cir. 2007); Alley v. Little, 181 Fed. Appx. 509 (6th Cir. 2006), are binding precedents which this Court must follow. See Timmereck v. United States, 577 F.2d 372, 374 n.6 (6th Cir. 1978), *rev'd on other grounds*, 441 U.S. 780 (1979). The analysis in Cooey directs the outcome in this case because it specifically rejects the arguments Plaintiff makes to avoid the statute of limitations bar. The Court is also cognizant that two other circuits have followed the Sixth Circuit's reasoning in Cooey. Walker v. Epps, 550 F.3d 407, 411-412 (5th Cir. 2008); McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008). For these reasons, the Court holds that Plaintiff's § 1983 lawsuit challenging the lethal injection protocol is barred by the statute of limitations.

8

### B. Plaintiff was dilatory in filing suit

The State also contends that Plaintiff's lawsuit should be dismissed because Plaintiff was dilatory in bringing his constitutional challenge to the lethal injection protocol. The Court agrees. A section 1983 case "challenging the constitutionality of certain aspects of a state's execution does not 'entitle the complainant to an order staying [his] execution as a matter of course[,]'" Cooey, 479 F.3d at 421, and the State and the surviving victims of the crime have a strong interest in the timely enforcement of a death sentence. Thus, an inmate intending to assert such a constitutional challenge must file suit in sufficient time to allow consideration of the merits without requiring entry of a stay. Id. The Supreme Court has made clear that federal courts can and should protect States from dilatory or speculative suits. Id. (discussing Hill v. McDonough, 547 U.S. 573 (2006) and Nelson v. Campbell, 541 U.S. 637 (2004)).

Plaintiff did not file this suit until November 26, 2008, only seventy (70) days prior to his scheduled execution, and more than one year after June 2007, when the most recent changes to the protocol went into effect. Plaintiff filed suit over eighteen (18) years after his direct appeal was final; over eight and one-half (8 ½) years after lethal injection became Tennessee's presumptive method of execution; over three (3) years after the Tennessee Supreme Court upheld the three-drug lethal injection protocol as constitutional, Abdur'Rahman v. Bredesen, 181 S.W.3d 292 (Tenn. 2005); over two (2) years after the Supreme Court ruled that an inmate may challenge his method of execution by a § 1983 action, Hill v. McDonough, — U.S. —, 126 S.Ct. 2096 (2006); and over one and one-half (1 ½) years after the Sixth Circuit's definitive ruling in Cooey. Cooey clarified (1) that the accrual date for the statute of limitations in an action challenging the method of execution is the date that direct review ends, adjusted by the date lethal injection was adopted or the date lethal injection became the exclusive or presumptive method of execution, and (2) the fatality of delaying an action beyond the applicable statute of

9

limitations. Plaintiff's suit also was filed more than one (1) year after the filing of Harbison v. Little and Payne v. Little, No. 3:07-0714 (M.D. Tenn.), both of which also challenge the constitutionality of the same three-drug lethal injection protocol. These delays by Plaintiff are inexcusable and cannot be justified under controlling law. See Cooey, 479 F.3d at 420-422; Workman, 486 F.3d at 911-913; Alley, 181 Fed.Appx. at 513. The basis for Plaintiff's challenge has been apparent for a number of years.

It appears that some death penalty prisoners delay intentionally, perhaps on advice from their attorneys, until near the date of execution to file complaints raising "new" claims or challenging the method of execution, although the issues could have been raised much earlier. In such cases, the prisoner plaintiffs have exhausted their direct appeal remedies and have finalized their post-conviction appeal proceedings, but choose to wait until near the execution date to raise other claims. This is a risky strategy that creates unnecessary judicial emergencies fraught with emotional pressure, public drama, and tight deadlines within which to make life-threatening decisions. Creating such a cauldron of boiling emotions, newly raised legal claims, conflicting legal theories, and demands for immediate emergency action by the Court because of the fast approaching execution date is not a strategy that should be encouraged or sanctioned, especially when it could be easily avoided by simply filing the complaint when the claims became known or should have been known for over a year before the complaint was filed.

Plaintiff has had ample time to bring his constitutional challenge to the lethal injection protocol. Because he delayed in filing his lawsuit until seventy (70) days before his execution, the Court concludes under Cooey, Workman, and Alley that Plaintiff was dilatory and that his complaint must be dismissed on this basis as well.

10

Because the Court rests its decision to dismiss the complaint on the statute of limitations and Plaintiff's dilatory filing, the Court cannot, and need not, reach the merits of Plaintiff's § 1983 claims.

## IV. CONCLUSION

For all of the reasons stated, the Court will grant the State's motion to dismiss and Plaintiff's claims will be dismissed with prejudice under Rule 12(b)(6). The Court will also deny as moot all other outstanding motions, including Plaintiff's motion for summary judgment.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

11

Case 3:08-cv-01148   Document 20   Filed 01/26/09   Page 11 of 11 PageID #: 2022